UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

MIGUEL LEONARDO ALVAREZ BENITEZ

Debtor

-------------------------------------------------/

CASE NO. 13-01647 BKT

CHAPTER 13

**ANSWER TO OBJECTION TO CLAIM 5**

**TO THE HONORABLE COURT:**

COMES NOW creditor, SCOTIABANK DE PUERTO RICO (hereinafter "**SCOTIABANK**", represented by the undersigned attorney, and hereby objects to the confirmation of debtor's Chapter 13 plan dated March 03, 2013.

1. The appearing creditor filed its secured Proof of Claim on April 12, 2013, claim #5.

2. Scotiabank's security interest is a prepetition judicial lien registered to respond for a judgment against debtor in the amount of $49,985.48 for principal, $2,295.69 for interest and $5,000.00 for attorney fees, for a total of $57,281.17. An attachment Order was issued by the Puerto Rico Court of First Instance, Manatí Section, in case CD-09-315. Judgment against debtor was entered on November 5, 2009 and the attachment order was entered on December 22, 2009. Copy of the Attachment Order, the Judgment and the Title Search were attached to the Proof of Claim filed in this case.

3. The lien encumbers a property that belongs to debtor located at "Comunidad Rural Monte Bello" in Manatí, Puerto Rico. The attachment was registered in the Property Registry on January 14, 2010, at page 91 of presentation volume 309 of the Property Registry of Manati. See copy of the Title Search attached as **Exhibit I** of this motion.

4. On August 6, 2013 the debtors filed an objection to the claim filed by Scotiabank alleging in synthesis that the lien on debtors' real property impairs the homestead exemption to which the debtors are entitled pursuant to 11 USCA 522(b). Debtors' allegations are incorrect.

5. The bank has a lien on debtors residence, and an exemption is not effective against a lien unless it comes within the lien-avoidance provision of the Bankruptcy Code, 11 U.S.C. § 522(f); otherwise it is effective only against unsecured creditors. That provision allows the debtor to avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [11 U.S.C. § 522(b)(2)(A)], but only if such lien is included in a list detailed on Code Section 11 U.S.C. 522 (f). That list includes, among others, the judicial liens (Subsection A).

6. We do not dispute the fact that Scotiabank's lien is a "judicial lien" within the meaning of Section 522(f). See 11 U.S.C. § 101(36). Thus the question to be answered is to what extent the Attachment "impairs an exemption to which the debtor would have been entitled". That question contains the two issues disputed between the parties here, namely: (1) to what exemption is the Debtor entitled; and (2) to what extent does the Attachment impair that exemption, if any?

7. Section 522(b)(2)(A), entitles the debtor to elect between state and federal exemptions. In Puerto Rico the homestead exemption law was recently amended. The present law, that allows the debtor to exempts the total value of the property as homestead, was enacted by Law 195 of September 13, 2011. According the wording of the law it was effective after its enactment on September 13, 2011 and was to be applied in a prospective way, only to cases filed after the enactment of the law. (See article 17 of Law 195). The cases that were already filed at the time of the enactment of

the amendment were to be ruled with the previous homestead law, law 87 of May 13, 1936, a law that allow the debtors only a $15,000.00 dollars homestead exemption.

8. The Debtors are claiming as "homestead" exemption the full value of the property pursuant to Law 195 of September 13, 2011. The Respondent argues that the Debtors are not entitled to that exemption as against its lien because the claim secured by that judicial lien arose before September 13, 2011. Scotiabank's lien on debtors' property was authorizef by a judicial order of December 22, 2009 issued by the First Instance Court of Puerto Rico, Manati Section, in case CD 2009-315. The lien was registered in the Property Registry on January 14, 2010. Scotiabank's lien was recorded prior to the enactment of the new homestead law, therefore, if the debtor chooses the local homestead exemption they will only be entitle to the $15,000.00 that is provided by Law 87 of May 13, 1936. See **Corson v. Fidelity & Guar. Ins. Co. (In re Corson), 206 B.R. 17** where the Bankruptcy Court for the District of Connecticut entertained a similar controversy.

9. Judicial liens may be avoided only to the extent that they impair a debtor's exemption. The lien shall be considered to impair the exemption to the extent that the sum of the lien, all other liens on the property and the amount of the exemption that the debtor would claim if there were no liens on the property exceeds the value that the debtors' interest in the property would have in the absence of any lien.

10. For the calculation of impairment under Section 522(f)(2)(A) we can use the formula used by the court in **Corson v. Fidelity & Guar. Ins. Co., Supra.** We must simply determine and aggregate the amounts represented by subsections (i) - (iii), and then compare that sum to the value of the Debtor's unencumbered fee simple interest in the Residence. The sum of subsections (i) - (iii) is $70,465.48 calculated as follows: (i) the amount of the lien of Scotiabank - *i.e.* the Attachment - is for $ 49,985.48; (ii) the

amount of "all other liens on the property" is $5,480.34 (Two liens by the State Insurance Fund ($5,292.00+$188.34)); and (iii) the "amount of the exemption that the debtors could claim if there were no liens on the property" is $15,000.00. The "value that the debtor's interest in the property would have in the absence of any liens", *i.e.* the Debtor's unencumbered fee simple interest in the Residence, is $100,000.00. Thus the sum of subsections (i) - (iii) does not exceed the unencumbered fee simple interest in the residence, therefore, the lien is not avoidable.

**WHEREFORE**, Scotiabank respectfully request this Honorable Court to grant this motion and, consequently, deny debtor's objection to claim #5.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: debtor's attorney and to the Trustee.

In San Juan, Puerto Rico, this 19th day of August, 2013.

> s/ **CARLOS R. SOSA PADRO, ESQ.**
> USDC-PR 205112
> Attorney for Scotiabank de Puerto Rico
> **CARLOS R. SOSA PADRO LAW OFFICE**
> PO Box 191682
> San Juan, PR  00919-1682
> Tel.  250-0081, Tel/Fax 250-0078
> E-Mail:  csosalaw@gmail.com

**HATO REY TITLE INSURANCE AGENCY, INC.**
MCS PLAZA, OFFICE 809
255 PONCE DE LEON AVENUE
HATO REY, PUERTO RICO 00917

TELEPHONE: (787) 274-1200
FAX: (787) 753-5081
FAX: (787) 759-8055
hrtitle@sanjuanabstract.com

**201213349**

| | |
|---|---|
| CLIENTE: | SCOTIABANK |
| SOLICITADO POR: | PAULITA FIGUEROA |
| NOMBRE DE CASO: | MIGUEL L. ALVAREZ BENITEZ |
| NUMERO DE CASO: | 501006217 |
| FINCA NUMERO: | 8815 INSCRITA AL FOLIO 99 DEL TOMO 75 DE MANATI, REGISTRO DE LA PROPIEDAD DE MANATI. |

DESCRIPCION:

RUSTICA: Parcela marcada con el #211 en el plano de parcelación de la comunidad rural Monte Bello del termino municipal de Manatí, con una cabida superficial de 0.1324 metros cuadrados. En lindes por el NORTE, con parcela #210 de la comunidad; por el SUR, con calle de la comunidad; por el ESTE, con Diego Lugo Sánchez; por el OESTE, con parcela #212 de la comunidad.

TRACTO: Se segrega de la finca 3145 inscrita al folio 99 del tomo 75 de Manatí.

DOMINIO: Consta inscrito a favor de MIGUEL ALVAREZ BENITEZ Y ESPOSA CARMEN CASANOVA TOLEDO, quienes adquieren por compra al Estado Libre Asociado de Puerto Rico, por el precio de $1.00 según certificación otorgada en San Juan, Puerto Rico, el día 3 de noviembre de 1978 inscrito al folio 285 del tomo 201 de Manatí, inscripción 1ra. (253/17)

CARGAS:

POR SU PROCEDENCIA: Libre de cargas

POR SI:

HIPOTECA a favor de R&G MORTGAGE CORPORATION, por la suma principal de $46,100.00, con intereses al 5 ¼% anual, vence el 1 de junio de 2010, según consta de la escritura #357 otorgada en San Juan, Puerto Rico, el día 20 de mayo de 2005 ante el notario Juan C. Goitia, inscrito al folio 129 del tomo 594 de Manatí, inscripción 4ta. (378/290)

EMBARGO por el Fondo del Seguro del Estado, por la suma de $5,292.00, póliza 06-212-02738 según certificación del 11 de febrero de 2009 presentada el 11 de febrero de 2009, inscrito al folio 129 del tomo 594 de Manatí, anotación A. (123/306 el día 30 de septiembre de 2009)

EMBARGO por La Corporación del Fondo del Seguro del Estado contra Miguel Alvarez Benítez, por la suma de $5,292.00, póliza 06-212-02738 según certificación del 11 de febrero de 2009 presentada el 11 de febrero de 2009.

EMBARGO por La Corporación del Fondo del Seguro del Estado contra Miguel Alvarez Benítez, por la suma de $188.34, póliza 06-212-00067 con fecha del 11 de noviembre de 2009, según certificación del 23 de noviembre de 2009 presentada el 11 de febrero de 2009.

DOCUMENTOS INSCRITOS BAJO LA LEY NUMERO 216 DEL 27 DE DICIEMBRE DEL 2010, conocida como la "Ley para Agilizar el Registro de la Propiedad" y su REGLAMENTO:

Al asiento 1180 del diario 308 se presentó el día 23 de noviembre de 2009, Certificación de Embargo del 23 de noviembre de 2009 contra Miguel Alvarez Benítez, por la suma de $188.34 póliza 04-112-00067.

Al asiento 91 del diario 309 se presentó el día 14 de enero de 2010, Mandamiento y Orden del 22 de diciembre de 2009 emitidos por el Tribunal de Primera Instancia, Sala Superior de Manatí, caso CD09-315 sobre cobro de dinero por la suma de $49,985.48 por R&G Premier Bank of Puerto Rico contra Miguel Alvarez Benítez y esposa Carmen Casanova Toledo.

CONTINUA

NOTICE

"NUESTRA RESPONSABILIDAD POR ERRORES, OMISIONES O NEGLIGENCIA COMETIDA EN EL PROCESO DE INVESTIGACIÓN, RECOPILACIÓN DE INFORMACIÓN Y/O EN LA REDACCIÓN DE ESTUDIOS DE TÍTULO ESTÁ LIMITADA A LA CANTIDAD PAGADA POR EL ESTUDIO DE TÍTULO."

**HATO REY TITLE INSURANCE AGENCY, INC.**

MCS PLAZA, OFFICE 809
255 PONCE DE LEON AVENUE
HATO REY, PUERTO RICO 00917

TELEPHONE: (787) 274-1200
FAX: (787) 753-5081
FAX: (787) 759-8055
hrtitle@sanjuanabstract.com

PAGINA 2
FINCA 8815

DOCUMENTO PRESENTADO:

Al asiento 1604 del diario 315 se presentó el día 26 de marzo de 2012, la escritura #35 otorgada en Vega Baja, Puerto Rico, el día 21 de marzo de 2012 ante el notario Roque Román Dever, sobre Acta de Hogar Seguro a favor de Miguel Alvarez Benítez y esposa Carmen Casanova Toledo.

NOTA: Debido al sistema de bitácora electrónica utilizado en este Registro no podemos determinar que exista algún otro documento adicional relacionado con esta finca.

REVISADOS: Libro de Sentencias, Embargos Federales, Embargos Estatales, CRIM, Libro #1 del Registro de Gravámenes creado por la Ley 12 del 20 de enero del 2010 y Bitácora hasta el Asiento 748 del Diario 317 del 29 de agosto de 2012. Hoy 30 de agosto de 2012.

GL/vcr

NOTICE

"NUESTRA RESPONSABILIDAD POR ERRORES, OMISIONES O NEGLIGENCIA COMETIDA EN EL PROCESO DE INVESTIGACIÓN, RECOPILACIÓN DE INFORMACIÓN Y / O EN LA REDACCIÓN DE ESTUDIOS DE TÍTULO ESTÁ LIMITADA A LA CANTIDAD PAGADA POR EL ESTUDIO DE TÍTULO.